UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHRISTOPHER MERCED,

                            Plaintiff,
                                                          9:05-CV-0119
     v.                                                       (NAM/RFT)

E. MOYLAN, C.O.; SGT. BABBIE; C.O. LAPINSKI;
SUPERINTENDENT PERLMAN; CAPT. REIF,

                            Defendants.
_____

APPEARANCES:                                      OF COUNSEL:

CHRISTOPHER MERCED
Plaintiff, *pro se*
03-R-5410
Mt. McGregor Correctional Facility
1000 Mt. McGregor Road
Box 2071
Wilton, New York 12831

OFFICE OF THE ATTORNEY GENERAL    MEGAN M. BROWN, ESQ.
State of New York                                Assistant Attorney General
The Capitol
Albany, New York 12224

NORMAN A. MORDUE, U.S. DISTRICT JUDGE

**ORDER**

       Pursuant to a Stipulation of Discontinuance filed by the parties, this action was dismissed without prejudice on May 3, 2005. Dkt. No. 11. According to plaintiff's letter to the Court, he sought to dismiss this action because he believed it should have been brought in the New York Court of Claims. Dkt. No. 9. The Stipulation provided that the action was to be dismissed "without costs or attorneys fees for either party." Dkt. No. 11.

       By letter dated May 22, 2005, plaintiff requested that he be relieved of his obligation to pay

the filing fee for this matter. Dkt. No. 13. In response, the Clerk's Office advised plaintiff that 28 U.S.C. § 1915(b) requires payment of the full filing fee by an incarcerated plaintiff, regardless of the outcome of the action, and that no provision exists for the refund of payments made or the cancellation of future indebtedness. Dkt. No. 14.

Presently before the Court is a motion from plaintiff, by which he seeks an order of this Court directing the refund of the filing fee. Dkt. No. 15.

Upon review of the file, the Court finds that plaintiff's request for a refund of the filing fee must be denied. As plaintiff was previously advised, courts which have addressed this question have determined that the filing fees are to assessed and collected upon the commencement of an action and without regard to its outcome. See *Goins v. DeCaro*, 241 F.3d 260, 262 (2d Cir. 2001) (inmate who withdraws appeal not entitled to refund of filing fee paid or cancellation of the remaining indebtedness); *Williams v. Roberts*, 116 F.3d 1126, 1127-28 (5th Cir. 1997) (per curiam) (plain language of PLRA requires court to assess filing fees once action is filed, regardless of ultimate outcome) (citations omitted); *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997) ("[B]y filing the complaint or notice of appeal, the prisoner waives any objection to the fee assessment...."). Additionally, the inmate authorization form signed by the plaintiff stated: "I also understand that this fee will be debited from my account regardless of the outcome of my lawsuit." Dkt. No. 6.

The provision in the Stipulation of Discontinuance that dismissal was to be without costs to either party does not alter this conclusion. The assessment of certain costs allowed pursuant to 28 U.S.C. § 1920, is intended to reimburse a party (or the court) for expenses incurred in connection with the action. An agreement that plaintiff will not be required to reimburse either the defendants

or the court for costs does not relieve plaintiff of his obligation to pay the filing fee.

WHEREFORE, it is hereby

ORDERED, that plaintiff's motion for refund of the filing fee (Dkt. No. 15) is denied, and it is further

ORDERED, that the Clerk serve a copy of this Order on the parties.

IT IS SO ORDERED.

Dated: September 29, 2005
      Syracuse, New York

Norman A. Mordue
U.S. District Judge